UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES THOMAS,

    Plaintiff,

v.                                       Case No: 6:13-cv-1256-Orl-22TBS

BOBS BARRICADES, INC.,

    Defendant.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Joint Motion for Approval of Settlement. (Doc 7). Upon due consideration I respectfully recommend that the motion be **GRANTED**.

### I. Background

On August 19, 2013, Plaintiff James Thomas brought this suit for unpaid overtime compensation against his employer, Defendant Bob's Barricade's Inc. In his complaint, Plaintiff alleges that, "during one or more work weeks" between July 2011 and June 2013, Defendant forced him to work during his 30 minute lunch break but improperly deducted that time from his hours. (Doc. 1, ¶ 24, 25). As a result, Plaintiff worked more than 40 hours during these weeks and wasn't paid at all for the excess hours. (Doc. 1, ¶ 25, 26). He demands payment of unpaid wages at overtime rate of time-and-a-half, liquidated damages in the same amount, and attorney's fees and costs. (Doc. 1, p. 4). On October

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

2, before Defendant was served, the parties filed this Joint Motion for Settlement. (Doc. 2).

## II. Discussion

### A. Settlement Amount

The United States Court of Appeals for the Eleventh Circuit has explained that an FLSA claim can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353.

To approve the settlement, the district court must scrutinize the settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement in litigation." Id. at 1354. The nature of this lawsuit prompts the district court's review of the settlement agreement rather than an examination conducted by the Secretary of Labor. My assessment of fairness is guided by prevailing case law in this Circuit, including Dees v. Hydradry, 706 F. Supp. 2d 1227 (M.D. Fla. 2010) and Fiber Moreno v. Regions Bank, 729 F. Supp. 2d 1346 (M.D. Fla. 2010).

The parties have agreed to settle this dispute for $2,600, half of which is allocated as actual unpaid overtime and half of which is allocated as liquidated damages. (Doc. 7-

1, p. 3). According to the motion, Defendant has produced Plaintiff's wage and hour records which indicate that Plaintiff may recover up to 113 hours of off-the-clock overtime. (Doc. 7, p. 6). Between July 2011 and June 2013, Plaintiff paid Defendant $10 per hour, which means the most Plaintiff could recover in unpaid overtime in this suit is $1,695. (Doc. 7, p. 6). And, Plaintiff admits that on some shifts, he did in fact take a 30 minute lunch break. (Doc. 7, p. 5-6). Accordingly, the parties agree that "proving his overtime damages may be difficult." (Doc. 7, p. 6). Defendants also "maintain that Plaintiff was properly paid all wages owed to him." (Doc. 7, p. 5). Given these disputes about liability and damages, I find the settlement amount here–which is more than three-quarters of the maximum Plaintiff could have recovered in litigation–to be fair and reasonable.

B. Attorney's Fees

Relying on Bonetti v Embarq Mngm't Co., 715 F. Supp. 2d 1222 (M.D. FLA. 2009), the parties invite the Court to approve their fee agreement on the grounds that it was "negotiated separately and apart from the Plaintiff's claims[.]" (Doc. 25 at 2). If the District Court applies Bonetti, that suffices to establish reasonableness.

If the District Court chooses not to apply Bonetti, the Court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). Defendant has agreed to pay Plaintiff $2,900 in attorney's fees and costs. (Doc. 7-1, p. 3). Plaintiff has actually incurred $3,696 in attorney and paralegal fees, along with $454.55 in costs, for a total of $4,150.55. Plaintiff's counsel, Kimberly Woods, bills at $350 per hour and has spent 9 hours of attorney time on the file. Paralegal Becki Rodak bills $105 per hour and has spent 5.2 hours of paralegal time on this matter. (Doc. 7,

p. 7).² The parties represent that the hours and rates are fair and reasonable; (Doc. 7, p. 7); I agree. The settled amount is roughly 70% of the lodestar amount (plus costs) and, because liability is disputed, it is not certain that any attorney fees or costs will be awarded. Accordingly, the Court finds that the agreed sum falls within the range of reasonableness.

### III. Recommendation

Upon consideration of the foregoing, I find that the Agreement is a fair and reasonable resolution of a bona fide dispute and respectfully recommend that:

(1) the Joint Motion for Approval of Settlement (Doc. 7) be **GRANTED**;

(2) the parties' Settlement Agreement be **APPROVED**;

(3) this action be **DISMISSED WITH PREJUDICE**; and

(4) the case file be **CLOSED**.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 4, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record

---

² Other courts have required submission of documentation to establish hours worked in a lodestar case. Cf. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336-37 (collecting cases). Counsel for both parties have signed the joint motion, and in doing so, represent that the asserted hours "have evidentiary support." FED. R. CIV. P. 11(b)(3). Given the parties' express agreement on this point, and my finding that the hours asserted are reasonable, I find that documentary evidence of hours is unnecessary.

- 4 -